[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs William S. Zeman and Joel M. Ellis are law partners who practice law in the State of Connecticut. Pursuant to their second substituted complaint dated March 22, 1994, they have brought this action against defendant Town of Rocky Hill for legal fees. A court trial was held on January 31st and February 1st 1995. The court finds the following facts:
On February 3, 1988 three members of the Rocky Hill Town Council came to the office of the plaintiffs to discuss pending legal problems with the Rocky Hill Chief of Police. They asked the plaintiffs if they would be willing to take over certain legal work that at that time was being performed by the law firm of Shipman and Goodwin. The plaintiffs said they would be willing to take on the work. When the subject of compensation arose, Attorney Zeman stated that his firm should be paid at the same rate as being paid to Shipman and Goodwin inasmuch as Shipman and Goodwin would continue to handle other legal matters for the Town. The members of the Council who attended the meeting agreed with such arrangement. However, when Zeman asked what rate Shipman and Goodwin was being paid, they said they would have to get back to him because Shipman and Goodwin's fee arrangement was being renegotiated. Accordingly, with the understanding reached at the meeting that they would be paid at the same rate as CT Page 1959 Shipman and Goodwin, plaintiffs began to perform legal work for the Town around February 26, 1988.
On March 29, 1988 the then Town Manager, Dana Whitman, prepared a letter on behalf of Francis J. Sacerdote, Chairman of the Town Finance Committee. The letter which was sent to Attorney Zeman stated: "As you were advised at the March 21st Council meeting, your rate as Special Counsel would be the same as for Shipman and Goodwin. We have negotiated the rate with Shipman and Goodwin in the amount of one hundred dollars ($100) per hour.
"Since you agreed to work for the same amount, we assume this hourly rate will be satisfactory. I am prepared to offer this rate to the Town Council for approval . . ." (Plaintiff's Ex. 2).
Attorney Zeman agreed to the terms set forth in the letter by telephone on March 31, 1988, and accordingly the plaintiffs continued to work as special counsel for the town during the years 1988-1992.
On November 26, 1989 Attorney Zeman telephoned the then Town Manager, Dana Whitman, Jr., to find out if there had been any changes in the hourly rate of Shipman and Goodwin. He was told that the hourly rate was still $100 per hour.
On November 8, 1990 Attorney Zeman telephoned the subsequent Town Manager, O. Paul Shew, and asked him if Shipman and Goodwin was getting $100 per hour. Shew told him it was his information that Shipman and Goodwin was getting more than $100 but he didn't know the figure.
Thereafter Attorney Zeman wrote several letters to Town Manager Shew attempting to find out what the fee arrangement was with Shipman and Goodwin and attempting to be paid in accordance with such fee arrangement. (Plaintiff's Exs. 5, 6, 7, 8, 9). However, he received no response to any of his letters.
Finally by letter dated February 8, 1993 (Plaintiff's Ex. 10) Shew wrote to the plaintiffs in which he said he had referred their letter to the Finance Committee, and that the Committee had directed him to obtain a legal opinion. However, the plaintiffs did not receive any such legal CT Page 1960 opinion.
After making inquiries on their own, plaintiffs finally received the information which they had been requesting in regard to the rates being paid to Shipman Goodwin. They found that in 1988 Shipman Goodwin was paid $100 per hour. In 1989 the firm was paid $110 per hour. In 1990 it was paid $130 per hour. In 1991 and 1992 it was paid $140 per hour. The plaintiffs are seeking the difference between $100 per hour and the amounts they should have been paid in accordance with the rates paid to Shipman Goodwin. In addition, they are seeking the sum of $3,500 which is their final bill calculated at $140 per hour and which has not been paid. According to their calculations (Plaintiff's Ex. 12) they are owed as follows:
For 1989 $ 8,607.50 ($110 per hour)
For 1990 20,652.20 ($130 per hour)
For 1991 5,670.00 ($140 per hour)
For 1992 3,678.00 ($140 per hour)
 Plus Final Bill 3,500.00 ($140 per hour) --------- $42,107.70
Defendant's witnesses claimed at trial that it was never agreed or understood by them that the plaintiffs were to be paid more than $100 per hour (the amount paid to Shipman and Goodwin in 1988). They also testified that there was no agreement that an increase would be paid and that the plaintiffs never asked for an increase, although they did ask what the Town was paying Shipman and Goodwin in the years after 1988. While there may have been some misunderstanding between the parties as to what their agreement was, the court holds that the plaintiffs should prevail. They were told that they would be paid the same rate as Shipman Goodwin, and they had every reason to believe that they would at all times be paid the same as that firm, especially since they were doing similar work (legal representation) for the same client. While the letter dated March 29, 1988 (Plaintiff's Ex. 2) could be subject to two interpretations, the court finds the interpretation favoring the plaintiffs is the better one, CT Page 1961 especially in light of the fact that it was drafted by the defendant's Town Manager. "It is generally accepted . . . that when two or more meanings may fairly be given to language in a contract, the language is to be construed against the one who drew it." Sturman v. Socha, 191 Conn. 1, 9.
In any event, the court holds that even if there had been no meeting of the minds, the plaintiffs were entitled to be paid a reasonable compensation for their work, which in this case should be no less than Shipman and Goodman's rates for the years in question.
The plaintiffs are seeking punitive damages because they claim the Town violated an implied covenant of good faith and fair dealing. The court does not believe that the facts in this case lead it to the conclusion that the Town acted in bad faith. To be sure, the Town Manager should have answered the letters which were addressed to him by Attorney Zeman. However, the negotiations with the plaintiffs were made through members of the Town Council and not the town Manager. The court believes there was a genuine misunderstanding or miscommunication between the various representatives of the Town and the plaintiffs in regard to the terms of the contract, but not lack of bad faith. The court does believe, however, that the plaintiffs are entitled to interest in accordance with General Statutes § 37-3a. Thus, the court finds that the plaintiffs are entitled to interest as follows:
 For 1989 $8,607.50 x 10% from December 31, 1989 to date of judgment
 For 1990 $20,652.20 x 10% from December 31, 1990 to date of judgment
 For 1991 $5,670.00 x 10% from December 31, 1991 to date of judgment
 For 1992 $3,678.00 x 10% from December 31, 1992 to date of judgment
 For final bill, $3,500 x 10% from December 24, 1992 to date of judgment
Judgment may enter for the plaintiffs for $42,107.70 plus 10% interest as set forth above, plus costs (which shall CT Page 1962 include the cost of a typed deposition, but not the cost of a videotaped deposition.)
Allen State Trial Referee